[L. A. No. 8903. Department Two.—December 19, 1927.]

JENNIE GILLELEN, Respondent, v. ROBERT McMANN et al., Appellants.

[1] QUIETING TITLE — FINDINGS — SUFFICIENCY OF EVIDENCE.—In this action to quiet title to real property it is held that the evidence was sufficient to sustain the findings of the trial court in favor of the plaintiff finding that plaintiff's grantor, her husband, was not insolvent at the time the property in question was deeded to her by him and that the debts of the judgment creditor of the husband which it is sought to satisfy out of the property were incurred long after the title to the property had passed out of the debtor.

---

(1) 32 Cyc., p. 1372, n. 26.

APPEAL from a judgment of the Superior Court of Los Angeles County. Albert Lee Stephens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clark & Law for Appellants.

McAdoo, Neblett & O'Connor and William H. Neblett for Respondent.

LANGDON, J.—Action by plaintiff to quiet her title to two parcels of real property in the county of Los Angeles. The defendant McMann is a judgment creditor of Warren Gillelen, the husband of plaintiff and her predecessor in title to one of the parcels of property, and the other defendant named is the sheriff, who has levied a writ of execution issued upon said judgment upon the property in question and advertised the same for sale. Plaintiff prayed that her title be quieted against the defendants and that they be enjoined from proceeding against said property under the judgment against Warren Gillelen.

The answer denied that the property was the sole and separate property of the plaintiff. Subsequent to the filing of the complaint Warren Gillelen was adjudged a bankrupt, and the trustee in bankruptcy, by leave of court, filed a supplemental answer setting forth that the bankrupt had transferred the property in question to his wife in fraud of his creditors.

[1] The trial court found that one parcel of the real property had been conveyed to plaintiff by her husband in 1892, and that she has been the owner thereof in fee simple ever since, and that the other parcel had been purchased by plaintiff with money which was her own separate property and estate. Judgment was entered quieting plaintiff's title against defendants and enjoining them from proceeding against the property.

The trial court also found, and the record shows, that the grantor was not insolvent at the time the property was deeded to plaintiff, and that the debts forming the basis of the judgment involved here were incurred long after the title to the property had passed out of Gillelen.

The appeal presents but an argument upon the evidence, and the record amply supports the findings in favor of plaintiff.

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.